**In re Palm**

C.P. of Perry County, no. P-324.

*Gary Rothschild,* for Joan K. Palm.
*Richard Oare,* for HEALTHSOUTH.

REHKAMP, *J.,* October 24, 1994—On November 4, 1993, Eugene A. Palm was struck by a falling tree limb, while employed by R. J. Junk Lumber. He sustained severe injuries and was treated by the University of Maryland Medical System from November 4, 1993 through December 21, 1993. Mr. Palm was transferred to HEALTHSOUTH Subacute Center of Mechanicsburg Inc. on December 21, 1993, where he received medical services and care until May 21, 1994. Mr. Palm was moved to the Thornwald Home on May 21, 1994, where he presently resides.

On August 22, 1994, the petitioner, Mrs. Joan Palm, filed a petition to adjudicate Mr. Palm as an incapacitated individual seeking the appointment of herself as guardian of the person and estate of Eugene A. Palm. Mrs. Palm has been Mr. Palm's wife for the past 30 years.

In accordance with 20 Pa.C.S. §5511(a), the petitioner served notice on the alleged incapacitated individual as well as all those individuals who would be entitled to share in the estate of the alleged incapacitated person were he to have died intestate at that time, and to the Thornwald Home (the institution providing residential services to Mr. Palm).

On September 19, 1994, HEALTHSOUTH, through its counsel, Richard Oare, Esquire, filed a petition to intervene. HEALTHSOUTH, a former service provider of Mr. Palm, expressed its concern not only that Mr. Palm is currently in a medical care program that is not optimal for his needs, but also that Mrs. Palm is not fit to adequately manage the medical and legal affairs of her husband.

HEALTHSOUTH requested a continuance of the hearing to adjudicate Mrs. Palm's petition that was scheduled for September 20, 1994, at 1 p.m. Counsel for the petitioner did not acquiesce to this request. The

court heard the testimony of Mrs. Palm and her daughter, Karen Hower, on September 20, 1994.

R. J. Junk Lumber acknowledges its employer/employee relationship with Mr. Palm and that the injuries occurred in the course of his employment. R. J. Junk Lumber carried workers' compensation insurance through Rockwood Casualty Insurance Company, which would provide for the payment for medical expenses and medical care for Mr. Eugene Palm.

After Rockwood Casualty Insurance Company denied coverage of Mr. Palm's medical expenses, a worker's compensation claim (no. 234552) was filed on behalf of Mr. Palm by Ronald L. Calhoon, Esquire, of Serratelli, Schiffman and Brown. The worker's compensation claim is currently being held in abeyance pending the outcome of the petitioner's request to be named guardian of Mr. Palm.

With respect to the pending worker's compensation proceedings, HEALTHSOUTH asserts that Mrs. Palm has failed to take action or be present for the hearings. HEALTHSOUTH states information exists that Rockwood Casualty Insurance Company is seeking to pay Mrs. Palm an insufficient amount of money to drop any further claim for medical benefits. Furthermore, HEALTHSOUTH, which is owed in excess of $200,000 for services rendered during approximately a five month period, deems it imperative that Mrs. Palm actively pursue the worker's compensation claim in order to protect her husband's rights. Alternatively, HEALTHSOUTH asserts, "It is imperative that an appropriate representative be appointed to take her place in handling her husband's affairs, particularly with respect to the pending worker's compensation claim." (HEALTHSOUTH's Brief in support of petition to intervene at page 3.)

HEALTHSOUTH seeks to intervene in this action in order to challenge the capacity, ability, appropriateness and extent of the appointment of Mrs. Palm as the guardian for and on behalf of Eugene A. Palm. However, HEALTHSOUTH does not challenge the necessity for appointment of a guardian on behalf of Mr. Palm or his incapacity.

When determining whether HEALTHSOUTH, a former service provider, has standing to intervene in an action under 20 Pa.C.S. §5511, the court relies solely on the explicit language of the statute. Furthermore, the current statutory provisions grant a greater degree of judicial control of the proceedings brought in the interest of an alleged incompetent. See Official Comment—1974 to section 5511, 20 Pa.C.S. §5511.

Indeed, the second sentence of the statute states, "[t]he petitioner may be any person interested in the alleged incapacitated person's welfare." 20 Pa.C.S. §5511(a). This section further provides that notice of the petition and hearing "... shall be given in such manner as the court shall direct to all persons residing within the Commonwealth who are sui juris and would be entitled to share in the estate of the alleged incapacitated person if he died intestate at that time, to the person or institution providing residential services to the alleged incapacitated person and to such other parties as the court may direct, including other service providers." *Id.*

In the present case, HEALTHSOUTH strongly emphasizes the language "to such other parties as the court may direct, including service providers." HEALTHSOUTH attempts to pursuade the court that it has standing to intervene because it could be categorized as "other service providers." However, HEALTHSOUTH fails to interpret its emphasized language in context. After all, the statute requires that "the person or institution

*providing* residential services to the alleged incapacitated person and to such other parties as the court may direct, including other service providers," receive notice of the petition and hearing. 20 Pa.C.S. §5511(a). (emphasis added) Reading the emphasized language by HEALTHSOUTH in context, the court interprets "other service providers" to include those institutions which are currently caring for the alleged incapacitated person at the time the petition is filed.

In addition, the court looked to the very last sentence of the statute: "If appropriate, the court shall give preference to a nominee of the incapacitated person." 20 Pa.C.S. §5511(f). Although Mr. Palm is incapable of expressing whom he would prefer to be his guardian, the court can reasonably presume that Mrs. Palm, his wife of 30 years, would be Mr. Palm's preferred guardian.

Therefore, HEALTHSOUTH's petition to intervene in this proceeding under 20 Pa.C.S. §5511 is denied.

### ORDER

And now, October 24, 1994, in accordance with the reasoning set forth in the attached memorandum, the petition to intervene filed by HEALTHSOUTH is hereby denied.